JOSEPH COCKRAN vs. BRITTON, WOOLFOLK & CAKE.

1. If proper exception be not taken to the opinion of the court below, the supreme court will not review it,

APPEAL from Lincoln Circuit Court.

STATEMENT OF THE CASE.

The petition stated, that plaintiff sued defendants on a sealed note, dated May 14th, 1848, made by Johnson as principal and Cockran as security, for $150, at twelve months after date, payable to the order of John Lanear, without defalcation or discount, with interest from date.

On the 11th June, 1849, Lanear assigned said note to the plaintiff. The consideration of said note was money loaned by Lanear to Johnson; that the date of said note which was written and subscribed in St. Louis, by both defendants, was left blank, to be filled up by Johnson when he got the money from Lanear, of which Cockran had notice. That Johnson obtained the money from Lanear on the 14th day of May, 1848, the day the note was delivered to Lanear, and the day it was dated. The date of the note was filled in by Johnson, and it was then delivered to Lanear, who advanced the money thereon to said Johnson. That on the 29th of March, 1849, Johnson gave Cockran a mortgage on his crop of tobacco, in which it was provided, that after paying the costs of transporting the tobacco to St. Louis, the proceeds should first be applied to the payment of the said note of defendants to Lanear; that on the 11th June 1849, Johnson drew an order on said Cockran, directing him to pay the amount of said note; this order was drawn on the proceeds of tobacco then in Cockran's hands, which tobacco had been sent to Cockran by Johnson, under said mortgage, for the purpose of paying said note, and the proceeds thereof, in cash, then in Cockran's hands, were sufficient for that purpose. Cockran refused to pay said order of Johnson, or to pay said note.

Johnson's answer admits every fact and allegation in the petition material to the issue.

Cockran in his answer, denied that he recollected of any blank being left in said note, to be filled up, and required proof thereof; and relied on the erasure of the word February, to prove that it was his design to give Johnson time only, to go from St. Louis to Lincoln county. He averred, that the interlineation of the date of said note, was without his knowledge or consent; he denied that he ever promised to pay said note out of the proceeds of tobacco sent to him by Johnson under said mortgage; he admitted the mortgage from Johnson to him, but denied that he had received $100 worth of tobacco from Johnson; he denied, also, that said mortgage was given to pay several other liabilities due by said Johnson, to a large amount; he admitted that Johnson forwarded to him tobacco, which he sold for $165 14, and avers that he applied said proceeds to the payment of a note to him for $100 60, and an order for $22, from Johnson; he further averred that Johnson did not send him all the tobacco he had mortgaged, but sold it to other persons, and applied the proceeds to his own use; he further averred that he had no knowledge of the alteration of said note; that if it had not been altered, and had fallen due in February 1849, he could have realized it out of Johnson; that the alteration in the date, causing the note to fall due at a late period in May 1849, prevented him from collecting it of Johnson, who had in the mean time failed, and become insolvent.

On the trial, plaintiffs gave in evidence, and proved by testimony, the following matters:

1. The deed of trust from Johnson to Cockran, dated 29th March, 1849, in which it was

Cockran vs Britton, Woolfolk & Cake.

provided that Cockran shall pay out of the proceeds of tobacco conveyed, first $150 (the amount of said note) to be applied to the discharge of Johnson's liabilities.

2. That Cockran promised to pay the money to Lanear, on said $150 note, whenever he should receive from Johnson the amount of tobacco and sold it.

3. That Cockran and Johnson both admitted, by their answer, the sending to, and receipt by Cockran from Johnson, some time in May, of 1849, of tobacco that was sold for $165.

4. That Johnson, on the 11th of June, 1849, drew an order in favor of Lanear for the face of said note of $150, and interest, directed to said Cockran.

5. That Lanear knew of the filling in of the date of the said note, on the 14th May, 1848, but did not consent to it or direct it.

6. That Johnson on the 14th June, 1849 made an assignment of his property to Hall, for the benefit of his creditors.

7. The said note for $150, of 14th May 1849; the order from Johnson to Cockran of 11th June, 1849, directing him to pay Lanear the face of said note of $150 with interest.

The defendant, Cockran, gave in evidence—

1. A note from Johnson to him, dated March 29th, 1849, promising to pay on 22d June, 1849, to Cockran or order, $100 69, borrowed money.

2. An order, 28th May, 1849, directing Cockran to pay Ray $22, which was signed by Johnson.

The court, sitting as a jury, by consent of parties, found for the plaintiffs in the sum of $167 82. No instructions were asked on either side and none were given by the court, and no objection was made to any testimony in the cause. Not one question of law was saved on the trial.

The defendant, Cockran filed a motion for a new trial, setting forth the following reasons:

1. That the court, sitting as a jury, found a verdict against law.

2. That the verdict was against evidence.

3. That the court decided against law and evidence:

This motion was overruled by the court, and to this decision, defendant, Cockran excepted.

## WELLS & BUCKNER, for appellant.

I. The court will look into the errors contained in the record, although there were no instructions asked, and no question of law raised; art. XV, (new code,) makes it obligatory upon the court, sitting as a jury, to find the facts and give its decision thereon, in writing, which shall be filed with the clerk. The object of this provision must have been, to save the necessity of the same tribunal instructing itself as to what is the law upon a given state of facts. It is insisted, that the court erred in not complying with the law, and that the defendant ought not to be prejudiced because of the failure of the court to [do] its duty.

II. There is no necessity for asking instructions when the court sits as a chancellor. The proceedings in this case, is as near akin to the proceedings in equity, as it is to proceedings at common law.

The judgment of the court was erroneous, in being given against the defendant because, he was not bound by the note sued upon.

The alteration was in a material point, and being to his prejudice, and without his consent, had no validity against defendant. Ch. on bills 203; Aubicon vs. McKnight, 1 Mo. R., 323; 6 East. R., 309; 4 T. R., 320.

The authority given by leaving a blank, was limited to the month, as shown by the paper itself, and in making the alteration and erasure, the principal exceeded his authority.

The defendant was a security, and he has a right to stand upon his contract as made, and he cannot be prejudiced by any change made without his consent.

Cockran vs. Britton, Woolfolk & Cake.

The facts averred in the plaintiff's petition, and on which evidence was introduced, are not in the least inconsistent with the position of defendant. There is no evidence that he knew of the note, and the extension of time on the note. At the date of the mortgage, he does not know of the negotiation of the note, as he does not secure himself, on account of his liability. It was not until April or May afterwards that he was informed of the debts being due, and he then attempts to save himself by obtaining Johnson's crop of tobacco, and promises to accept the order from Johnson. Johnson had one hundred and fifty [dollars] secured to himself, by the mortgage, and the object of Cockran was to apply this money to the debt of Lanear. Cockran was willing that this debt should be paid, if he could convert the tobacco or the proceeds of it to that purpose.

## HILL, for respondents.

I. This cause was tried by the court sitting as a jury, and the defendant, Cockran who appealed to this court, did not save a single point of law on the trial, by objection to testimony, instructions or otherwise. This court will not look into the record to see if there is error; there being no error complained of on the trial. Clark & Swasy vs. Stevens, 10 Mo. R. 512; 8 Mo. R., 701, 709; 9 Mo. R., 48, 49, 291, 355, 297.

II. The motion for a new trial, is because the verdict was against law and evidence. If there is any evidence tending to support a verdict, though ever so slight and unsatisfactory, this court will not disturb it. Wells vs. Douglass, 10 Mo. R.. 677; Tlounk vs. Bank of Missouri, 10 Mo. R., 518.

III. There is evidence sufficient to support the verdict on all points.

A. The plaintiffs were entitled to recover on the note, notwithstanding the filling in of the date, for it was made by Johnson & Cockran, to borrow money upon, and it was not an available instrument until it came to the hands of Lanear, a holder for value; and the alteration in the date previous to delivery of said note to the payee, did not affect the validity of the note. Kennedy vs. Nash, 1 Stark., 432; Downes vs. Richmond, 5 B. and Ala., 674; 1 D. and R. 332, G. C. As to the alteration of deed before complete delivery, see Specee vs. Burgess, 1 C. M. and K., 129; 4 Tyr, 598, S C.: Byles on bills (in Law Lib.) 241 alias 246, 4 Ed. The burden of proof to show alteration is on defendant, 20 Vt. R., 205.

B. The circumstances all show that Cockran was cognizant of the purposes for which the note was used and expressly authorized the date to be filled in when it was used, by delivering it in blank. He promised to pay it after it fell due, as soon as he received tobacco from Johnson, and he gave Johnson further credit as late as to June 22d, 1849.

IV. By the delivery of the note to Johnson, Cockran gave him the authority and the opportunity to fill up the date; and even if Cockran has any right to complain as against Johnson, that he delayed too long before he used the note; yet, as against plaintiffs, who are innocent holders for value, this is no defence to Cockran: See Tamilly vs. Bank of Mo., 13 Mo. R., first part decided at March term, 1850.

V. After the note fell due, Cockran promised to pay it, out of the proceeds of tobacco sent to him by Johnson, which tobacco was sent to, and received, and sold by Cockran, after the making of said promise, so that the finding of the court, sitting as a jury, is clearly warranted by all the facts and circumstances of the case, and the judgment below should be affirmed.

1. The point urged by the defendant, that the 15th art. 2d sec. of new code, required the judge to give his decision in writing, and file it with the clerk, has no force, because the defendant has made no motion in arrest or, for a new trial, assigning it for error.

2. The evidence in regard to the alteration of said note, is positive, that the alteration was done by the joint maker, without direction of payee.

3. The authority in Chitty, p. 161, is only applicable to bills or notes, after they are issued: 1 vol. Mo. R., 312, Obershon vs. McKnight. This was a case of alteration, at the in-

Cockran, vs. Britton, Woolfolk & Cake.

stance of the *holder* after the issue of the note. So in the case, 7 Mo. R., 572, the bond was altered by the *obligee*.

4. The promise of Cockran, to pay the note, was made after it fell due in May 1849. It was made on the condition of his recovering tobacco from Johnson, and he admits that he received the tobacco.

5. The motion for a new trial is, because the verdict was against law and against evidence, and there are no other reasons.

6. There is nothing in the record to show whether the opinion of the judge was filed or not.

RYLAND, J., delivered the opinion of the court.

This was a suit on a note, brought by the plaintiff against Johnson and Cockran, in the Lincoln circuit court.

The plaintiffs had judgment—there was no point of law raised in the court below by any instruction—there was no exception to any evidence offered below by either party, and the facts and law without any instructions or any exceptions, were all left to the judgment of the court without a jury, and that court found for plaintiff without finding or stating the facts on which it gave the judgment.

The defendant then moved for a new trial, which was overruled—to which they excepted, and they bring the case here.

The only point relied on by the appellants, is the alteration of the date of the note.

This whole matter being left without any question below, to the court, we do not consider that the appellants can now complain.

They failed to save the point properly below—we do not consider, that there is any force in the point made, that under the new code, the judge is bound to state upon the record all the facts of the case, and then to decide the law; and that this does away with the necessity of asking instructions upon matters of law, or of objecting to testimony, for in this case, the court did not state the facts upon which its judgment was founded.

The law expressly gives to either party "the right to except to a decision upon matters of law arising upon such trial, in the same effect as upon a trial by jury." And either party desiring a review of the evidence, appearing upon the trial, either of question of law or of fact may apply to the court for that purpose, &c.: See "Practice in Courts of Justice," art. 15, secs. 2 and 3.

The defendants below having failed to save the points properly, we are not inclined to interfere with the judgment. It is therefore affirmed.